KING, Judge.
The sole issue presented by this appeal is whether or not the trial court was correct in rendering a directed verdict for the defendant at the conclusion of the presentation at trial of the plaintiffs’ evidence.
This appeal is of three consolidated suits filed by the St. Landry Parish School Board (hereinafter the School Board) and the City of Eunice (hereinafter the City) against Acadiana Tire Shop, Inc. (hereinafter Aca-diana Tire) for delinquent taxes.[1] After presentation of the cases of the School Board and the City, the trial court granted a directed verdict in all three cases in favor of Acadiana Tire. The School Board and the City appeal. We affirm.
FACTS
On June 23, 1986, three separate judgments were rendered in three separate suits against the Tire Shop of Eunice, Louisiana, Inc. (hereinafter the Tire Shop). These judgments were all for delinquent taxes. The first suit was filed by the City of Eunice, pursuant to Ordinance A-246, § 9.05, for the nonpayment of Sales and Use Tax. The judgment rendered was in the amount of $1,271.55. The second suit was filed by the St. Landry Parish School Board, pursuant to La.R.S. 33:2737, for the non-payment of said Sales and Use Tax. The judgment rendered was in the amount of $1,099.01. The third suit was also filed by the City of Eunice, pursuant to Ordinance 14-72, for the non-payment of Occupational License Tax. The judgment was in the amount of $106.88. To date, none of these judgments have been paid.
On August 20, 1986, the same two plaintiffs, the School Board and the City, filed suit for the identical taxes for which it had previously obtained judgment against the Tire Shop, against the defendant, Acadiana Tire. The first petition was filed by the School Board alleging that Acadiana Tire was engaged in the operation of its business within the limits of St. Landry Parish, Louisiana, and was, therefore, subject to an ordinance adopted by the School Board. This ordinance levied a general sales and use tax of one percent, pursuant to the authority of La.R.S. 33:2737, for sales and services from October, 1985 through February, 1986. The tax sought was in the amount of $1,099.01. The second petition was filed by the City alleging that Acadia-na Tire was engaged in the operation of its business within the limits of the City of Eunice and was subject to Ordinance 14-72, This ordinance was adopted by the Mayor and the Board of Alderman and is commonly known as the Occupational License Tax. The tax sought the amount of $106.88. The third petition was also filed by the City alleging that Acadiana Tire was engaged in the operation of its business within the limits of the City and was subject to Ordinance A-246, § 9.05. This ordinance was also adopted by the Mayor and the Board of Aldermen and is commonly known as the Sales and Use Tax. The tax sought was in the amount of $1,271.55. All three petitions were form petitions where the names of the parties and amounts of the taxes were entered into the blanks.
Acadiana Tire filed an answer and a third party demand against the Tire Shop and Dennis Terry Fontenot, Dennis Fontenot, C.S. Maxie and Joseph H. Pitre (hereinafter, “third party defendants”), who were stockholders of the Tire Shop. The Tire Shop was a Louisiana corporation formerly engaged in the operation of its business within the limits of St. Landry Parish, Louisiana, and the City of Eunice. Acadiana Tire denied that it owed the taxes and further alleged that if it were found liable for said taxes, then it would be entitled to indemnity from third party defendants under the terms of an agreement executed by *1285 Acadiana Tire and third party defendants. This “Counter Letter and Hold Harmless Agreement”, a copy of which was attached to the third party petition, confirmed that the Tire Shop had sold its business to Aca-diana Tire, and that the Tire Shop and its stockholders agreed to hold Acadiana Tire harmless from all creditors and debts of the Tire Shop.
At trial, the School Board and the City of Eunice contended, for the first time, that Acadiana Tire was a successor corporation and owed the taxes sued for. There was no mention of this claim in any of the three original petitions, or in any of the other pre-trial pleadings as the petitions were of the fill-in-the-blank variety and gave little information, other than the parties involved and the amounts allegedly owed. The School Board and the City of Eunice called the City Tax Collector to the witness stand to testify that, to his knowledge, the business known as the Tire Shop had never closed its doors. On that evidence alone, the plaintiffs argued that they had proved Acadiana Tire was a business successor to the Tire Shop and, therefore, owed the unpaid taxes sued for. Copies of judgments obtained in the three previous suits against the Tire Shop were entered into the record of these suits against Acadiana Tire. The trial court granted a directed verdict in all three suits in favor of the defendant. The City and the School Board appeal, citing four specifications of error. First, they argue that the trial court erred when it did not find that Acadiana Tire was the business successor of the Tire Shop and when it did not hold Acadiana Tire accountable for the withholding of a sufficient portion of the purchase price until such time that the delinquent taxes were paid. Second, the School Board and the City cite error in the trial court’s finding that Acadiana Tire was not liable for the Sales and Use Taxes assessed by the City and the School Board. Third, the plaintiffs argue that the trial court erred when it found that defendant was not liable for the Occupational License Tax assessed by the City of Eunice. And, fourth, the School Board and the City allege error in the trial court’s finding that there was no proof that Acadiana Tire was a business successor of the Tire Shop.
LAW
The assignments of error can be discussed together. The real question raised in these appeals is whether or not the trial judge erred in granting the defendant’s motion for directed verdict, dismissing plaintiffs’ demands with prejudice and at their expense.
The standard for directed verdict was first propounded in the case of Campbell v. Mouton, 373 So.2d 237 (La.App. 3 Cir.1979). There, the court stated that the purpose of the directed verdict is that “it serves judicial efficiency by allowing the judge to conclude the litigation in a trial if the facts and inferences are so overwhelmingly in favor of the moving party that the court believes that reasonable men could not arrive at a contrary verdict.” Id. at 238, citing Civil Procedure-Work of Louisiana Legislature for 1977 Regular Session, 38 La.L.Rev. 152, 157 (1977). Article 1810 of the Louisiana Code of Civil Procedure, which incorporates the motion for directed verdict into Louisiana law does not provide a standard upon which to decide a motion for directed verdict. The Campbell court noted that because Louisiana adopted verbatim Section 50(a) of the Federal Rules of Civil Procedure as our Louisiana Code of Civil Procedure Article 1810(A), that the standard of proof for directed verdict is the same as that applied in federal courts. The federal standard is set forth in Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir.1969) as follows:
“On motion for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence — not just that evidence which supports the non-mover’s case — but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if *1286 there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.”
The plaintiffs, the School Board and the City, did not allege in any of their petitions that defendant, Acadiana Tire, was a business successor of the Tire Shop. Nor did they introduce into evidence any of the ordinances involved in these cases. The petition filed by the School Board did not even provide the ordinance number which was allegedly violated; it cited only the La. Revised Statute upon which authority the unnamed ordinance was promulgated. (The appellate brief filed by the plaintiffs did include the language of the City of Eunice, Ordinance A-246, § 9.05, but did not include the language of the City of Eunice Ordinance 14-72, nor that of the unnamed School Board ordinance. Further, the brief also provided the language of the City of Eunice Ordinance 8-80, §§ 12:1 and 12:2, which was never cited in any of the original petitions.) The School Board and the City did not specifically allege nor offer proof of a sale of a business or stock of goods by the Tire Shop to Acadiana Tire nor did the School Board or the City introduce into evidence the “Counter Letter and Hold Harmless Agreement” to which it made repeated references during trial. (A copy of this document was attached to the answer and third party demand filed by Acadiana Tire.) The only proof offered by the School Board and the City was testimony from Levoy Dupre, the City Tax Collector. He testified that, to his knowledge, the Tire Shop had never closed. Dupre further stated he was told by John Bonneau, a stockholder and officer of Aca-diana Tire, that Bonneau was going to operate an ongoing business. The Charter and Articles of Incorporation of Acadiana Tire were introduced into evidence at trial to show that Acadiana Tire was a newly formed Louisiana corporation. There was no evidence presented to corroborate the testimony of Levoy Dupre. On Dupre’s testimony alone, the School Board and the City argue that they proved that Acadiana Tire was the business successor of the Tire Shop and was responsible for the withholding of a sufficient portion of the purchase price until such time that the delinquent taxes were paid. There was no proof that the business had continued to operate without interruption and with the same equipment and stock. No evidence was introduced at trial which would lead reasonable men to arrive at any other verdict than the one rendered by the trial court.
We adopt with approval part of the trial judge’s reasons for judgment where he stated that:
“I think you’ve rested your case. I think the whole thing goes ... I think the whole case is based upon your pleadings. What type of pleadings are you supposed to file in this matter? Are the pleadings proper? I’m not saying that a successor corporation might not be responsible to the City of Eunice and to the School Board, but what about your pleadings? They don’t say anything about this. It looks like you’re just suing, you have filed a suit against someone that you’ve already obtained a judgement against.
[[Image here]]
O.K. I’m gonna make a ruling that, I’m very reluctant to ever give a judgement on pleadings being defective as such, because ... but, I think you do have a burden of proof today. You closed your case. Certainly, number one, that the record has no proof concerning the Bulk Sales Act ... I think it is your burden to prove it. You’re suing them as a successor corporation, are they responsible or are they not? I don’t even have a copy of the ordinance in the record. There’s no copy of the ordinance in the record, there’s no copy of the Bulk Sales Act in the record, there’s no proof of a successor corporation in the record....”
After viewing all of the evidence presented at trial in the light most favorable to the plaintiffs, and drawing all reasonable inferences most favorable to plaintiffs, we conclude that the trial court was correct in granting defendant's motion for directed *1287 verdict. For this reason we affirm the decision of the trial court.
All costs of this appeal are taxed to plaintiffs-appellants.
AFFIRMED.

. These suits were consolidated in the trial court and remain consolidated on appeal. Since the law and relevant facts are common to all three suits, our opinion here is equally applicable. However, we render separate judgment in the consolidated cases of City of Eunice v. Acadiana Tire Shop, Inc., 535 So.2d 1287 (La.App. 3 Cir.1988) and City of Eunice v. Acadiana Tire Shop, Inc., 535 So.2d 1287 (La.App. 3 Cir.1988).